IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:16-CR-93-D
No. 5:18-CV-34-D

| | |
|---|---|
| RANDALL TERRANCE EVANS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

On January 30, 2018, Randall Terrance Evans ("Evans") moved under 28 U.S.C. § 2255 to vacate, set aside, or correct his 41-month sentence [D.E. 63]. On March 26, 2018, Evans moved to amend his section 2255 motion [D.E. 67]. On April 30, 2018, the government moved to dismiss Evans's section 2255 motion for failure to state a claim [D.E. 71] and filed a memorandum in support [D.E. 72]. On May 29, 2018, Evans responded in opposition to the government's motion [D.E. 74]. As explained below, the court grants the government's motion to dismiss and dismisses Evans's section 2255 motion.

I.

On June 6, 2016, pursuant to a plea agreement [D.E. 14], Evans pleaded guilty to conspiracy to commit bank and wire fraud in violation of 18 U.S.C. § 1349. See [D.E. 70]. On March 21, 2017, this court held Evans's sentencing hearing. See [D.E. 31]. The court calculated Evans's advisory guideline range to be 78 to 97 months' imprisonment. See Sentencing Tr. [D.E. 60] 4–5. After considering the arguments of counsel and all relevant factors under 18 U.S.C. § 3553(a), the court varied down and sentenced Evans to 41 months' imprisonment. See Sentencing Tr. at 17–25; [D.E. 36]. Evans did not appeal.

On January 30, 2018, Evans filed his section 2255 motion [D.E. 63]. On March 26, 2018,

Evans moved to amend his 2255 section motion [D.E. 67]. Evans contends that: (1) the government "failed to adhere to the statutory definition of a financial institution in the charging document and proceeding of the instant matter[,]" [D.E. 63-1] at 5–10; (2) the government did not cite the essential elements of 18 U.S.C. § 1349 in its criminal information, id. at 10–14; (3) counsel was ineffective in failing "to investigate the statutory requirements" of 18 U.S.C. § 1349, id. at 16–20; (4) counsel was ineffective in failing to investigate a possible statute of limitations defense, id. at 21–22; (5) counsel was ineffective in failing to require the government to cite "lawful victims of the alleged crime and for failure to challenge a loss calculation and securitization as essential facts of the charge[,]" id. at 22–26; and (6) counsel was ineffective in failing to "address or comprehend the definition of a financial institution." Id. at 26–28. On April 30, 2018, the government moved to dismiss Evans's motion for failure to state a claim upon which relief can be granted [D.E. 71] and filed a memorandum in support [D.E. 72].

The government may challenge the legal sufficiency of a section 2255 petition through a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. See Rule 12, Rules Governing Section 2255 Proceedings; United States v. Frady, 456 U.S. 152, 166–68 n.15 (1982); United States v. Reckmeyer, 900 F.2d 257, at *4 (4th Cir. 1990) (unpublished table decision). A motion to dismiss under Rule 12(b)(6) for "failure to state a claim upon which relief can be granted" tests a complaint's legal and factual sufficiency. See Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–63, 570 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In considering a motion to dismiss, a court need not accept a petition's legal conclusions. See, e.g., Iqbal, 556 U.S. at 678. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 677–79. The court, however, "accepts all well-pled facts as true and construes these

facts in the light most favorable to the plaintiff in weighing the legal sufficiency" of the petition. Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009). Construing the facts in this manner, the petition must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. (quotation omitted).

A court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201(d); Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). In reviewing a section 2255 motion, the court is not limited to the motion itself. The court also may consider "the files and records of the case." 28 U.S.C. § 2255(b); see United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993). Likewise, a court may rely on its own familiarity with the case. See, e.g., Blackledge v. Allison, 431 U.S. 63, 74 n.4 (1977); United States v. Dyess, 730 F.3d 354, 359–60 (4th Cir. 2013).

As for Evans's first two claims, Evans failed to raise these claims on direct appeal. Thus, procedural default bars Evans from presenting these claims under section 2255. See, e.g., Massaro v. United States, 538 U.S. 500, 504 (2003); Bousley v. United States, 523 U.S. 614, 621 (1998); United States v. Fugit, 703 F.3d 248, 253 (4th Cir. 2012); United States v. Sanders, 247 F.3d 139, 144 (4th Cir. 2001); Spence v. United States, No. 2:11-CR-4-D, 2:15-CV-45-D, 2017 WL 385770, at *2 (E.D.N.C. Jan. 25, 2017) (unpublished), appeal dismissed, 737 F. App'x 168 (4th Cir. 2018) (per curiam) (unpublished). Furthermore, Evans has not plausibly alleged "actual innocence" or "cause and prejudice" resulting from these alleged errors. See Bousley, 523 U.S. at 622–24; Coleman v. Thompson, 501 U.S. 722, 753 (1991); Frady, 456 U.S. at 170; United States v. Pettiford, 612 F.3d 270, 280–85 (4th Cir. 2010); United States v. Mikalajunas, 186 F.3d 490, 493–95 (4th Cir. 1999). Accordingly, these claims fail.

Alternatively, the first two claims fail because Evans pleaded guilty to the federal charge, and the alleged errors do not affect subject-matter jurisdiction. See, e.g., Tollett v. Henderson, 411 U.S.

3

258, 266–67 (1973); United States v. Cherry, 720 F.3d 161, 166 (4th Cir. 2013); United States v. Willis, 992 F.2d 489, 490 (4th Cir. 1993); Parker v. Ross, 470 F.2d 1092, 1093 (4th Cir. 1972); cf. Class v. United States, 138 S. Ct. 798, 803–07 (2018).

Evans's four remaining claims allege ineffective assistance of trial counsel. "The Sixth Amendment entitles criminal defendants to the effective assistance of counsel—that is, representation that does not fall below an objective standard of reasonableness in light of prevailing professional norms." Bobby v. Van Hook, 558 U.S. 4, 7 (2009) (per curiam) (quotations omitted). The Sixth Amendment right to counsel extends to all critical stages of a criminal proceeding, including plea negotiations, trial, sentencing, and appeal. See, e.g., Missouri v. Frye, 566 U.S. 134, 140 (2012); Lafler v. Cooper, 566 U.S. 156, 164–65 (2012); Glover v. United States, 531 U.S. 198, 203–04 (2001). "[S]entencing is a critical stage of trial at which a defendant is entitled to effective assistance of counsel, and a sentence imposed without effective assistance must be vacated and reimposed to permit facts in mitigation of punishment to be fully and freely developed." United States v. Breckenridge, 93 F.3d 132, 135 (4th Cir. 1996); see Glover, 531 U.S. at 203–04. To state a claim of ineffective assistance of counsel in violation of the Sixth Amendment, Evans must show that his attorney's performance fell below an objective standard of reasonableness and that he suffered prejudice as a result. See Strickland v. Washington, 466 U.S. 668, 687–91 (1984).

When determining whether counsel's representation was objectively unreasonable, a court must be "highly deferential" to counsel's performance and must attempt to "eliminate the distorting effects of hindsight." Id. at 689. Therefore, the "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. A party also must show that counsel's deficient performance prejudiced the party. See id. at 691–96. A party does so by showing that there is a "reasonable probability" that, but for the deficiency, "the result of the proceeding would have been different." Id. at 694. When a defendant pleads guilty, "in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable

4

probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985); see Lee v. United States, 137 S. Ct. 1958, 1967 (2017). "Surmounting Strickland's high bar is never an easy task, and the strong societal interest in finality has special force with respect to convictions based on guilty pleas." Lee, 137 S. Ct. at 1967 (quotations and citations omitted).

As for counsel's alleged failure to investigate the statutory requirements of 18 U.S.C. § 1349, to cite lawful victims or challenge the loss calculation, or to comprehend the definition of a financial institution, Evans pleaded guilty to violating 18 U.S.C. § 1349, including all of its elements. See Rule 11 Tr. [D.E. 70] 22–30. During Evans's Rule 11 proceeding, Evans swore that he understood the charge to which he was pleading guilty. See id. Evans swore that he was fully satisfied with his lawyer's legal services. See id. at 13–19. Evans also swore that he had reviewed and discussed his entire plea agreement with counsel before he signed it, that he understood each term in the plea agreement, and that the plea agreement constituted the entire agreement that he had with the government. See id. at 13–19, 24–26. Evans also swore that he understood that the court could sentence him up to the statutory maximum on the count of conviction, and that if the court did so, Evans could not withdraw his guilty plea. See id. at 26–27.

Evans's sworn statements at his Rule 11 proceeding bind him. See, e.g., Blackledge, 431 U.S. at 74; United States v. Moussaoui, 591 F.3d 263, 299–300 (4th Cir. 2010); United States v. LeMaster, 403 F.3d 216, 221–23 (4th Cir. 2005). Those sworn statements show that Evans admitted to the conspiracy as charged in count one. Evans's sworn statements also show that Evans understood that, even if he received a statutory-maximum sentence on the count of conviction, he could not withdraw his guilty plea and would not be able to go to trial. As such, Evans has not plausibly alleged "that, but for counsel's [alleged] unprofessional error[s], the result of the proceeding would have been different." Strickland, 466 U.S. at 694; see Lee, 137 S. Ct. at 1967–69; Hill, 474 U.S. at 59; Fields v. Attorney Gen. of Md., 956 F.2d 1290, 1297 (4th Cir. 1992). Simply

5

put, even if Evans's counsel raised these issues, Evans would not have "insisted on going to trial." Hill, 474 U.S. at 59; see Lee, 137 S. Ct. at 1967–69; Strickland, 466 U.S. at 694. Thus, Evans cannot show prejudice from the alleged errors, and the claims fail.

Alternatively, the claims fail as to performance. Defense counsel's investigation was adequate and falls within the wide range of professional performance. See, e.g., Strickland, 466 U.S. at 687–94. Evans admitted to the charged conspiracy, and a factual basis existed for the guilty plea. See Rule 11 Tr. at 28–35; see also United States v. Gomez-Jimenez, 750 F.3d 370, 378–79 (4th Cir. 2014); United States v. Perry, 560 F.3d 246, 254 (4th Cir. 2009); United States v. Marshall, 332 F.3d 254, 262–64 (4th Cir. 2003); United States v. Burns, 990 F.2d 1426, 1438–39 (4th Cir. 1993). Moreover, Evans's Presentence Investigation Report ("PSR") recounted the factual basis for Evans's guilty plea as to the conspiracy. See PSR [D.E. 22] ¶¶ 6–16. At Evans's sentencing hearing, Evans did not object to the factual narrative of the conspiracy outlined in the PSR. See Sentencing Tr. [D.E. 60] 5–6. On this record, there was no deficient performance.

As for the statute of limitations, it is ten years. See 18 U.S.C. § 3293; United States v. Mullins, 613 F.3d 1273, 1278 (10th Cir. 2010); United States v. Ham, 211 F.3d 1266, at *1 (4th Cir. 2000) (unpublished table decision); McDaniel v. United States, No. 5:11-CR-252-D, No. 5:15-CV-41-D, 2016 WL 590456, at *3 (E.D.N.C. Feb. 10, 2016) (unpublished), appeal dismissed, 668 F. App'x 445, 446 (4th Cir. 2016) (per curiam) (unpublished). The government filed the criminal information on April 13, 2016. See [D.E. 1]. The offense conduct took place from not later than August 2006 and continued to on or about February 2009. See Rule 11 Tr. 28–35; PSR ¶¶ 16–16. The government complied with the statute of limitations. Thus, any objection based on the statute of limitations would have been baseless. The failure to make a baseless objection is not deficient performance. See Knowles v. Mirazayance, 556 U.S. 111, 127–28 (2009). Accordingly, Evans's claim that counsel performed ineffectively by failing to raise a statute of limitations defense fails.

Alternatively, this court's alternative sentence defeats any prejudice claim concerning the

6

sentence, including the victims. See Sentencing Tr. at 12–16, 20–25; [D.E. 36] 6; cf. Gomez-Jimenez, 750 F.3d at 382–86; United States v. Hargrove, 701 F.3d 156, 161–65 (4th Cir. 2012). Thus, the claim fails. See, e.g., Bobby, 558 U.S. at 11–12; Knowles, 556 U.S. at 127–28; Strickland, 466 U.S. at 689–90.

After reviewing the claims presented in Evans's motion, the court finds that reasonable jurists would not find the court's treatment of Evans's claims debatable or wrong and that the claims deserve no encouragement to proceed any further. Accordingly, the court denies a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

II.

In sum, the court GRANTS the government's motion to dismiss [D.E. 71], GRANTS Evan's motion to amend [D.E. 67], DISMISSES Evans's section 2255 motion [D.E. 63], and DENIES a certificate of appealability.

SO ORDERED. This 1 day of February 2019.

JAMES C. DEVER III
United States District Judge